Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
MICHAEL GRECCO PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> *Plaintiff*, <br><br> vs. <br><br> REX FEATURES, LTD., ASOS.COM LTD., BILLBOARD, ASSOCIATED NEWSPAPERS LTD., MICROSOFT CORPORATION, GUARDIAN NEWS & MEDIA LIMITED, NEWS GROUP NEWSPAPERS LIMITED, TIME OUT GROUP, TIME INC. (UK) LTD., and DOES 1 through 10, <br><br> *Defendants*. | Case No.: 2:17-cv-5152 <br><br> **COMPLAINT** <br><br> *Jury Trial Demanded* |

Plaintiff Michael Grecco Productions, Inc., for its Complaint against Defendant Rex Features, Ltd., as well as ASOS.com Ltd., Billboard, Associated Newspapers Ltd., Microsoft Corporation, Guardian News & Media Limited, News Group Newspapers Limited, Time Out Group, Time Inc. (UK) Ltd., and Does 1 through 10, alleges as follows:

1. This is an action for copyright infringement brought by plaintiff, the holder of all copyrights to the photographs described below, against all defendants for uses of plaintiff's photographs without its authorization or permission.

**JURISDICTION AND VENUE**

2. This is an action for injunctive relief, statutory damages, monetary damages, and other relief under the copyright law of the United States.

3. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

5. This Court has personal jurisdiction over defendant Rex, Billboard, and Microsoft because, among other things, they are doing business in the State of California and in this judicial district, each of them has a principal place of business in this judicial district, and each of them has caused injury to plaintiff and his intellectual property within this judicial district.

6. This Court has personal jurisdiction over defendants ASOS, Associated Newspapers, Guardian News, News Group, Time Out, and Time because their acts of copyright infringement, when viewed from their websites by consumers in this district, cause injury to plaintiff within this district.

7. Venue in this judicial district is proper, either under 28 U.S.C. § 1391(b)(1) or under 28 U.S.C. § 1391(b)(2), and (b)(3), as well as 28 U.S.C. § 1400(a).

**PARTIES**

8. Plaintiff Michael Grecco Productions, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Santa Monica, in Los Angeles County. Plaintiff is a photography agency that owns the copyright to images created by Michael Grecco, a well-known professional photographer, and that licenses such photographs to third parties on his behalf.

9. Plaintiff licenses photographs for use and distribution throughout the United States, including California.

1  10.  Defendant Rex Features, Ltd. is, on information and belief, an entity of unknown type organized and existing under the laws of a foreign nation, the United Kingdom. Rex operates the web site accessible at www.rexfeatures.com. According to this website, Rex has an office in Los Angeles. *See* www.rexfeatures.com/about.html (accessed June 1, 2017). Rex holds itself out as "one of the world's leading photographic press agencies and picture libraries" that is "a premier source of images and features for the world's media." Rex's web site is accessible and distributed throughout the United States and the world.

11.  Defendant ASOS.com Ltd. is, on information and belief, a private limited company registered under the laws of a foreign nation, the United Kingdom. ASOS operates the web site at www.asos.com, which is accessible in the United States and in this judicial district.

12.  Defendant Billboard is, on information and belief, a business entity of unknown type doing business in the State of California and the City of Los Angeles, in this judicial district. Billboard operates the web site at www.billboard.com, which is accessible in this judicial district.

13.  Defendant Associated Newspapers Ltd. is, on information and belief, a private limited company registered under the laws of a foreign nation, the United Kingdom. Associate Newspapers operates The Daily Mail web site, www.dailymail.co.uk, and the Metro web site, www.metro.co.uk, which are accessible in the United States and in this judicial district.

14.  Defendant Microsoft is a corporation registered under the laws of the state of Washington and, on information and belief, has its principal place of business in Washington. According to its web site, Microsoft has several retail locations and several sales offices in this judicial district. Microsoft owns and operates the web site at www.msn.com.

15.  Defendant Guardian News & Media Limited is, on information and belief, a private limited company registered under the laws of a foreign nation, the

United Kingdom. Guardian publishes The Guardian newspaper and operates the web site www.theguardian.com, which is accessible in the United States and in this judicial district.

16. Defendant News Group Newspapers Limited is, on information and belief, a private limited company registered under the laws of a foreign nation, the United Kingdom. News Group publishes The Sun newspaper and owns and operates the web site www.thesun.co.uk, which is accessible in the United States and in this judicial district.

17. Defendant Time Out Group is, on information and belief, a foreign entity of unknown type. Time Out owns and operates the web site www.timeout.com, which is accessible in the United States and in this judicial district.

18. Defendant Time Inc. (UK) Ltd. is, on information and belief, a private limited company registered under the laws of a foreign nation, the United Kingdom. Time Inc. UK owns and operates the web site www.nme.com, which is accessible in the United States and in this judicial district.

19. Collectively, defendants ASOS, Billboard, Associated Newspapers, Microsoft, Guardian News, News Group, Time Out, Time Inc. (UK) are referred to as the "Media Defendants."

20. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed plaintiff's copyrights, have contributed to the infringement of plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged in this Complaint. The true names of defendants 1 through 10 are currently unknown to plaintiff, which therefore sues them by fictitious names and will seek leave to amend this Complaint to show their true names and capacities when that has been ascertained.

21. Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was

at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of plaintiff's rights and damages to plaintiff proximately caused by such violation.

## BACKGROUND FACTS

22. Michael Grecco is the original author and creator of photographic images described below (the "Photographs").

23. Plaintiff is the owner and exclusive copyright holder of the Photographs, which were created at the request of plaintiff's clients, each of which was granted a license that was limited by time, by scope of use allowed, by right to sublicense, or by a combination of the foregoing.

24. Plaintiff never licensed the Photographs to defendant Rex or any of the other defendants. Nevertheless, Rex copied the Photographs and displays them its web site, where it offers them to others for a license fee. As they appear on the Rex web site, the images are as follows:

   a. Display 1



b. Display 2



c. Display 3



COMPLAINT

d. Display 4



e. Display 5



f. Display 6



g. Display 7



h. Display 8



i. Display (series) 9



25. The list of image captures above is not represented to be an exhaustive list, as there may be other displays of plaintiff's Photographs that have not been located.

26. Each of the five images that comprise the Photographs is an original work of authorship fixed in a tangible medium of expression from which it can be perceived, reproduced, displayed, or otherwise communicated, either directly or with the aid of a machine or device.

27. Each of the five images that comprise the Photographs is a separate and independent work of authorship in the form of a photographic image that comprises copyrightable subject matter protectable under the Copyright Act.

28. Each of the five Photographs has been registered with the United States Copyright Office, or complete applications, fees, and deposits for copyright registration have been submitted to and received by the Copyright Office in compliance with the Copyright Act. Copies of relevant portions of the Certificates of Registration or application receipts are attached as Exhibit A.

29. Even though plaintiff created the images, the Rex web site does not identify plaintiff as the photographer of the Photographs. Instead, Rex or Rex's corporate affiliate Shutterstock, or both, is listed as the "photographer."

30. The Rex web site does not contain any information disclosing plaintiff as the holder of the copyright in the Photographs.

31. As of the filing of the Complaint, the Photographs were still in use and available for license on the Rex web site.

32. On information and belief, each of the Media Defendants obtained at least one of the Photographs from Rex, copied the Photographs, and distributed the Photographs on their web sites. The Photographs appeared at least at the following URLs:

http://www.asos.com/women/fashion-news/2015_01_23_fri/david-duchovny-twin-peaks-return/

http://www.billboard.com/articles/news/list/6509209/favorite-tv-soundtracks

http://www.dailymail.co.uk/tvshowsbiz/article-2964030/Gillian-Anderson-46-sex-bomb-blonde-hair-gown-parties-Suki-Waterhouse.html

http://metro.co.uk/2014/09/26/x-files-gave-the-best-response-ever-to-a-little-girls-message-in-a-bottle-4882690/

http://www.msn.com/en-au/entertainment/tv/the-x-files-stars-where-are-they-now/ss-AAa5Vfa#image=1

https://www.theguardian.com/tv-and-radio/2016/jan/21/the-x-files-new-season-old-episodes-to-watch-mulder-scully

https://www.thesun.co.uk/archives/tv/224181/x-files-first-look-review-is-the-new-series-any-good-the-truth-is-in-here/

https://www.timeout.com/newyork/movies/best-x-files-episodes

http://www.nme.com/photos/the-iconic-movie-roles-that-almost-went-to-different-acators-1405869

33. The Media Defendants published the Photographs without any authorization or permission from plaintiff to do so.

34. Although the Media Defendants purport to be in the business of delivering news, their unauthorized use of the Photographs does not qualify as fair use:

    a. The use is commercial in nature—that is, to enhance the overall content on their web site and thus contribute to page views and "clicks." The use is not transformational at all. And there is no criticism, comment, news reporting, teaching, scholarship, or research about the Photographs themselves; there is only news reporting about the subjects of the Photographs.

    b. The Photographs are highly creative, distinctive, and valuable.

    c. The Media Defendants have used the entirety of the Photographs, not just a small portion.

    d. The Media Defendants' unauthorized use harms the existing or future market for the original Photographs, either by displacing the original or devaluing future licensing opportunities.

35. On information and belief, at the time that the Media Defendants published the Photographs, they knew or should have known that they did not have authorization or permission from plaintiff to do so.

36. Defendants did not disclose its unauthorized uses of the Photographs to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of defendants' authorized uses, their infringements would still be concealed.

## CLAIM ONE

### (For Copyright Infringement – Against Rex)

37. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

38. The foregoing acts of Rex constitute infringement of plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

39. Plaintiff suffered damages as a result of defendants' unauthorized use of the Photographs.

40. Plaintiff is informed and believes and on that basis alleges that Rex's acts of copyright infringement, as alleged above, were willful, intentional, or with reckless disregard of plaintiff's exclusive rights under the copyright laws. Plaintiff put Rex on notice of the potential infringement in May 2017, by sending defendant a letter that informed defendant that plaintiff owned the copyright in the images. A true and correct copy of the letter is attached as Exhibit B.

41. As of the filing of this Complaint, at least some of the Photographs still appear on Rex's web site.

42. The willful nature of the copyright infringement further subjects Rex to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per work infringed. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement – Against Rex)

43. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

44. Plaintiff is informed and believes and on that basis alleges that Rex knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Photographs by the Media Defendants.

45. Rex is vicariously liable for the infringement of the Media Defendants because, on information and belief, it had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

46. By reason of Rex's acts of contributory and vicarious infringement as alleged above, plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

47. Plaintiff is informed and believes and on that basis alleges that Rex's acts of contributory and vicarious copyright infringement, as alleged above, were willful, intentional, or in reckless disregard of plaintiff's exclusive rights under the copyright laws, further subjecting Rex to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per work infringed. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM THREE

**(For Copyright Infringement – Against the Media Defendants)**

48. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

49. The foregoing acts of the Media Defendants constitute infringement of plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

50. The foregoing acts of the Media Defendants are subject to adjudication, and the imposition of damages, in the United States because at least one infringing act occurred in the United States—namely, on information and belief, (1) the copying

of plaintiff's Photographs by Rex in the United States, (2) the storage of the Photographs on servers in the United States, (3) the display by Rex of the Photographs on its web site accessible in and directed to the United States, and (4) the distribution of the Photographs by Rex in the United States to the Media Defendants.

51. Plaintiff suffered damages as a result of each of the Media Defendants' unauthorized use of the Photographs.

## CLAIM FOUR

**(For Modification of Copyright Management Information in Violation of 17 U.S.C. 1202 – Against Rex)**

52. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

53. Given that a significant portion of Rex's business revolves around photographs and other copyrightable material—in particular, licensing photographs—Rex knows the importance of copyrights in photographs and in the meaning and importance who should be given credit.

54. At the time Rex licensed the Photographs to the Media Defendants, Rex knew or should have known that credit for the Photographs should be attributed to Plaintiff.

55. Instead, on information and belief, Rex instructed the Media Defendants that credit for the Photographs should be attributed to Rex and/or Shutterstock.

56. On information and belief, the Media Defendants each followed Rex's instruction with respect to assignment of credit to the Photographs.

57. The credit given for the Photographs to Rex/Shutterstock is "copyright management information" ("CMI") as that phrase is defined in 17 U.S.C. § 1202(c).

58. The credit given for the Photographs to Rex/Shutterstock is false.

59. When Rex distributed the Photographs to the Media Defendants, it knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a).

60. On information and belief, Rex's acts of providing or distributing false CMI took place in this district, or has been felt within this district and has caused damages to plaintiff within this district.

61. As a result of the falsification of CMI, plaintiff is entitled to recover from Rex plaintiff's actual damages and Rex's profits; or an award of statutory damages for each of Rex's violations of 17 U.S.C. § 1202(a) in a sum of not less than $2,500 or more than $25,000 per violation in accordance with 17 U.S.C. § 1203(c)(3)(B), plus attorney fees and costs, as provided by 17 U.S.C. 1203(b).

62. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

B. For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents.

D. For actual damages and all profits derived from the unauthorized use of plaintiff's Photographs or, where applicable and at plaintiff's election, statutory damages.

E. Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

F. For an award of pre-judgment interest as allowed by law;

G. For reasonable attorney fees.

H. For court costs, expert witness fees, and all other amounts authorized under law.

I. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  July 12, 2017          Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
        Peter E. Perkowski

Attorneys for Defendant
MICHAEL GRECCO PRODUCTIONS, INC.